UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case No. 2:18-CV-745 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| CHIKISS BOTANAS N' BEER, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff J & J Sports Productions, Inc.'s ("plaintiff") motion for default judgment. (ECF No. 16). Clerk's default was entered against defendant Chikiss Botanas N' Beer L.L.C. ("defendant"), which did not respond to the instant motion, on August 1, 2019. (ECF No. 9).

**I.    Background**

The instant action arises from defendant's tortious streaming of the "Jessi Vargas v. Manny Pacquiao" WBO World Welterweight Championship Fight Program ("the fight"), which was telecast nationwide on November 5, 2016. (ECF No. 1 at 5). Although plaintiff had exclusive nationwide commercial distribution rights to the fight, defendant showed the fight at its establishment without authorization. *Id.*

Plaintiff filed the instant action on April 24, 2018. (ECF No. 1). Plaintiff moved for entry of clerk's default against defendant on July 31, 2019. (ECF No. 7). Clerk's default was entered on August 1, 2019. (ECF No. 9). After giving notice to plaintiff, the court dismissed plaintiff's claims against defendant Antonio Uribe Martinez pursuant to Fed. R. Civ. P. 4(m) on April 10, 2020. (ECF Nos. 10; 11). Plaintiff now moved for entry of default judgment against defendant. (ECF Nos. 16; 17; 18; 19).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

## III. Discussion

### A. *Default judgment*

Although Rule 55(a) authorizes the entry of a default judgment against a part who does not appear, see Fed. R. Civ. P. 55(a), the decision of whether to enter such judgment "is a discretionary one," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has articulated six factors for courts to consider when determining whether to enter default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The court finds that the *Eitel* factors favor entry of default judgment against defendant. The court finds that plaintiff's substantive claims are meritorious, and its complaint is sufficient. To establish a claim under 47 U.S.C. § 553 or § 605, plaintiff must show that it had a proprietary interest in the fight; that defendant unlawfully intercepted, received, published, divulged, displayed, and/or exhibited the fight at its establishment; and that such display was done without plaintiff's authorization. *See* 47 U.S.C. §§ 553, 605.

**James C. Mahan**
**U.S. District Judge**

Plaintiff alleged that it had exclusive rights to commercially distribute and license the fight and "expended substantial monies marketing, advertising, promoting, administering, and transmitting" the fight. (ECF No. 1 at 5). Plaintiff further alleged that defendant "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit" the fight without authorization. *Id.* Thus, the second and third *Eitel* factors weigh in favor of default judgment.

The fifth *Eitel* factor also weighs in favor of default judgment because it is not likely that there would be a dispute as to the material facts. First, because defendant failed to appear, all well-pleaded facts in the complaint—except those pertaining to damages—are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Further, plaintiff submits the declaration of investigator Julie Conti in support of its motion. (ECF No. 17). Conti went to defendant's establishment on November 5, paid the cover, and saw between 43 and 56 patrons watching the fight on 7 televisions. *Id.* at 3–4.

The first, fourth, sixth, and seventh factors, taken together, support default judgment. Plaintiff has stated a cognizable and meritorious legal claim and will be prejudiced if it cannot recover. Defendant has failed to appear in this action, thus thwarting the possibility of an adjudication on the merits and, absent a default judgment, precluding plaintiff from recovery. There is no evidence to suggest that defendant's failure to appear is the result of excusable neglect. The court will address the fourth factor—the amount of money at issue—in more detail when determining an appropriate amount of damages. In any event, the court finds that the amount of money plaintiff now seeks is (1) expressly authorized by statute and (2) is less than what it sought in its initial complaint. Thus, default judgment is appropriate.

Accordingly, the court grants plaintiff's motion for default judgment.

*B. Damages*

Section 605 authorizes the court to award "not less than $1,000 or more than $10,000" for violation of the Federal Communications Act. 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Similarly, § 553 allows an award statutory damages of "not less than $250 or more than $10,000." 47 U.S.C. § 553(c)(3)(A). Both statutes allow for "enhanced" penalties when the violation was willful and for the purpose of commercial advantage or private financial gain. 47 U.S.C.

**James C. Mahan**
**U.S. District Judge**

- 3 -

§§ 553(c)(3)(B), 605(e)(3)(C)(ii).  Section 605 authorized enhanced damages of up to $100,000, whereas § 553 allows enhanced awards of up to $50,000.  *Id.*

In its complaint, plaintiff sought $110,000 in statutory damages under § 605 or, in the alternative, $60,000 under § 553.  (ECF No. 1 at 8).  Plaintiff's motion for default judgment indicates that it "seeks [j]udgment in its favor and against the [d]efendants[1] in the amounts of $10,000.00 under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $100,000.00 under 47 U.S.C. § (e)(3)(C)(ii)" in addition to reasonable attorney fees and costs.  (ECF No. 16 at 2).  However, in its separately-filed memorandum, plaintiff requests "$10,000 in statutory damages and $30,000 in enhanced statutory damages, for a total award of $40,000."  (ECF No. 18 at 10–11).

The court finds that a total award of $40,000 is appropriate and reasonable.  First, the court finds that enhanced damages are appropriate.  Taking the allegations in the complaint as true in light of defendant's default, defendant displayed the program willfully and for the purpose of commercial advantage and/or private financial gain.  *See Fair Housing of Marin*, 285 F.3d at 906.  Further, as the court did in *Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F.Supp.2d 659, 668-69 (E.D.Va. 2013), "the [c]ourt concludes that the defendant acted willfully for commercial advantage and private financial gain" because it displayed the fight to over 40 patrons at no cost to itself and, in this case, charged a cover fee for entry.

Next, the court finds that such an award is reasonable because it is far less than the maximum authorized by statute and is in line with awards in the myriad of cases plaintiff cites in its memorandum.  (ECF No. 18 at 12–14 (collecting and discussing cases)).  In particular, the court finds *J & J Sports Prods., Inc. v. Pollard*, No. CIV. S-10-3047 KJM, 2011 WL 777931 (E.D. Cal. Feb. 28, 2011) ("*Pollard*"), instructive.  In *Pollard*, the court entered default judgment in the amount of $10,000 in statutory damages and $30,000 in enhanced statutory damages for a total award of $40,000.  *Id.* at *2.  In that case, the defendant showed another fight "on only one television set, despite the presence of a total of four television sets in the establishment, to an

---

[1] The court notes that it will not enter default judgment against defendant Martinez, who was dismissed from this action.

James C. Mahan
U.S. District Judge

- 4 -

audience of 23 to 25 people, in a relatively urban city with a population in excess of 100,000." *Id.*

Here, defendant displayed the fight on more televisions: 7, as opposed to 1 in *Pollard*. Defendant displayed the fight to more people: between 43 and 56 compared to 23 to 25. And, as in *Pollard*, defendant is in an urban city, Las Vegas, with a population in excess of 100,000. Thus, the $40,000 total award is reasonable.

C. *Attorney fees*

Attorney fees are authorized—and mandated—by § 605. 47 U.S.C. § 605(e)(3)(B)(iii) ("The court . . . **shall** direct the recover of full costs, including reasonable attorneys' fees to an aggrieved party who prevails." (emphasis added)). Attorneys' fees are similarly authorized, although not mandated, by § 553. 47 U.S.C. § 553(c)(2)(C) ("The court may . . . direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.").

Plaintiff requests such attorneys' fees and costs. However, plaintiff has not presented the court with any accounting or evidence of the amount of those fees, so the court cannot determine whether they are reasonable. Thus, the court finds that plaintiff is entitled to an award of fees under either § 605 or § 553 but denies the request without prejudice. Plaintiff is instructed to file, within 14 days of this order, a proper motion for attorneys' fees.

**IV.    Conclusion**

The court grants the motion insofar as default judgment is entered against defendant in the amount of $10,000 of statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $30,000 of enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for a total of $40,000. The court denies the motion to the extent it seeks an award of attorney fees because plaintiff has not requested an amount thereof. Plaintiff may file an appropriate motion for attorneys' fees.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default judgment (ECF No. 16) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff is eligible for an award of attorney fees pursuant to 47 U.S.C. § 605.

IT IS FURTHER ORDERED that plaintiff shall, within 14 days of this order, file an appropriate motion for the fees it incurred preparing and litigating this action in accordance with Fed. R. Civ. P. 54(d) and Local Rule 54-14.

The clerk is instructed to enter judgment against defendant Chikiss Botanas N' Beer L.L.C. consistent with the foregoing, and close the case accordingly.

DATED May 20, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**